FILED
2012 Mar-16  PM 12:54
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### JASPER DIVISION

| | | |
|---|---|---|
| **PATRICK J. CUNNINGHAM,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 6:11-CV-1845-VEH** |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | |
| **COMMISSIONER,** | ) | |
| **SOCIAL SECURITY** | ) | |
| **ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant.** | ) | |

---

## MEMORANDUM OPINION

Plaintiff, Patrick J. Cunningham ("Mr. Cunningham"), who is proceeding *pro se*, brings this action for child's insurance benefits ("CIB") relating to the earnings of his deceased grandmother, Allie L. Cunningham ("Ms. Cunningham"). He seeks review of a final adverse decision of the Commissioner of the Social Security Administration (the "Commissioner" or "Secretary"), who denied his CIB application pursuant to 42 U.S.C. § 402(d), § 202(d) of the Social Security Act (the "Act"). Mr. Cunningham timely pursued and exhausted his administrative remedies available before the Commissioner. The case is ripe for review pursuant to 42 U.S.C. § 405(g), § 205(g) of the Act.

## FACTUAL AND PROCEDURAL HISTORY

Mr. Cunningham applied for CIB on October 11, 2007.  (Tr. 16, 61).   His claim was denied initially on December 16, 2007, and again upon reconsideration on March 28, 2008.  (Tr. 16, 61, 63).

Mr. Cunningham timely filed a request for a hearing that was received by the Social Security Administration on or about April 30, 2008.  (Tr. 15, 64).  A hearing before an administrative law judge ("ALJ") in Selma, Alabama, was held on August 12, 2009.  (Tr. 15, 91).  The hearing lasted eight minutes.[1]

On February 18, 2009, the ALJ concluded Mr. Cunningham was not entitled to receive benefits under the Act and denied his CIB application.  (Tr. 16-19).  On or about September 22, 2009, Mr. Cunningham submitted a request for review of the ALJ's decision.  (Tr. 12).  On April 23, 2011, the Appeals Council denied review, which resulted in the ALJ's CIB determination that was adverse to Mr. Cunningham becoming the final decision of the Commissioner.  (Tr. 4).

On May 31, 2011, Mr. Cunningham initiated his lawsuit with this court asking for a review of the ALJ's decision.  (Doc. 1).  Mr. Cunningham did not file a brief in support of his appeal, but he did submit some records.  (Docs. 10, 11).  On November 21, 2011, the Commissioner filed his brief.  (Doc. 13).  No reply brief was filed.  This

---

[1]  The hearing commenced at 2:31 p.m. (Tr. 93) and closed at 2:39 p.m. (Tr. 97).

court has carefully considered the record, and for the reasons stated below, affirms the Commissioner's denial of benefits.

## STANDARD OF REVIEW

The court's review of the Commissioner's decision is narrowly circumscribed. The function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002). This court must "scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). This court will determine that the ALJ's opinion is supported by substantial evidence if it finds "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id*. Substantial evidence is "more than a scintilla, but less than a preponderance." *Id*. Factual findings that are supported by substantial evidence must be upheld by the court.

The ALJ's legal conclusions, however, are reviewed *de novo*, because no presumption of validity attaches to the ALJ's determination of the proper legal standards to be applied. *Davis v. Shalala*, 985 F.2d 528, 531 (11th Cir. 1993). If the court finds an error in the ALJ's application of the law, or if the ALJ fails to provide

3

the court with sufficient reasoning for determining that the proper legal analysis has been conducted, the ALJ's decision must be reversed. *Cornelius v. Sullivan*, 936 F. 2d 1143, 1145-46 (11th Cir. 1991).

## STATUTORY AND REGULATORY FRAMEWORK

To qualify for CIB, a claimant must demonstrate that he was financially dependent upon the deceased wage earner. More specifically, 20 C.F.R. § 404.350 provides:

> (a) General. You are entitled to child's benefits on the earnings record of an insured person who is entitled to old-age or disability benefits or who has died if--
>
>> (1) You are the insured person's child, based upon a relationship described in §§ 404.355 through 404.359;
>>
>> (2) You are dependent on the insured, as defined in §§ 404.360 through 404.365;
>>
>> (3) You apply;
>>
>> (4) You are unmarried; and
>>
>> (5) You are under age 18; you are 18 years old or older and have a disability that began before you became 22 years old; or you are 18 years or older and qualify for benefits as a full-time student as described in § 404.367.

20 C.F.R. § 404.350(a) (emphasis added) (as current through March 1, 2012).

To show dependency as a grandchild, a claimant must demonstrate that:

4

(a) You began living with the insured before you became 18 years old; and

(b) You were living with the insured in the United States and <u>receiving at least one-half of your support from him or her for the year before he or she became entitled to old-age or disability benefits or died</u>; or if the insured had a period of disability that lasted until he or she became entitled to benefits or died, for the year immediately before the month in which the period of disability began. If you were born during the 1–year period, the insured must have lived with you and provided at least one-half of your support for substantially all of the period that begins on the date of your birth.  Paragraph (c) of this section explains when the substantially all requirement is met.

(c) The "substantially all" requirement will be met if, at one of the times described in paragraph (b) of this section, the insured was living with you and providing at least one-half of your support, and any period during which he or she was not living with you and providing one-half of your support did not exceed the lesser of 3 months or one-half of the period beginning with the month of your birth.

20 C.F.R. § 404.364 (emphasis added).

## **FINDINGS OF THE ADMINISTRATIVE LAW JUDGE**

The ALJ first found that Mr. Cunningham satisfied the age requirements for a CIB claim.  (Tr. 17 ¶ 1).  The ALJ second determined that Mr. Cunningham was the grandchild of Ms. Cunningham, the deceased wage earner, within the meaning of the Act.  (*Id.* ¶ 2).  Although the ALJ did not make the required findings that Mr. Cunningham was "living with" Ms. Cunningham for the year before Ms. Cunningham died, this fact is undisputably established.  (Tr. 81, 83, 95 - 96).  Also unmentioned

by the ALJ but undisputed is the fact that Ms. Cunningham died on May 10, 2007. (Tr. 53).

The ALJ concluded that Mr. Cunningham "was not dependent on [Ms. Cunningham]." (*Id.* ¶ 3; *id.* at 18-19). As a result, the ALJ's analysis ended, and he denied Mr. Cunningham's CIB claim. (*Id.* at 19).

## ANALYSIS

In this appeal, Mr. Cunningham contends that the ALJ incorrectly decided that he was not dependent upon Ms. Cunningham. The court has scrutinized the ALJ's reasoning behind his factual determination that Ms. Cunningham did not provide Mr. Cunningham with at least one-half of his support, finds that the ALJ's decision is supported by substantial evidence, and, accordingly, concludes that the Commissioner is due to be affirmed.

More specifically, in arriving at his support finding, the ALJ first set forth the framework for evaluating whether a claimant meets the at least one-half support standard:

> (b) One-half support. The insured person provides one-half of your support if he or she makes regular contributions for your ordinary living costs; the amount of these contributions equals or exceeds one-half of your ordinary living costs; and any income (from sources other than the insured person) you have available for support purposes is one-half or less of your ordinary living costs. We will consider any income which is available to you for your support whether or not that income is

actually used for your ordinary living costs.  Ordinary living costs are the costs for your food, shelter, routine medical care, and similar necessities. A contribution may be in cash, goods, or services. The insured is not providing at least one-half of your support unless he or she has done so for a reasonable period of time.  Ordinarily we consider a reasonable period to be the 12–month period immediately preceding the time when the one-half support requirement must be met under the rules in §§ 404.362(c)(1) and 404.363 (for child's benefits), in § 404.370(f) (for parent's benefits) and in § 404.408a(c) (for benefits where the Government pension offset may be applied).  A shorter period will be considered reasonable under the following circumstances:

> (1) At some point within the 12–month period, the insured either begins or stops providing at least one-half of your support on a permanent basis and this is a change in the way you had been supported up to then. In these circumstances, the time from the change up to the end of the 12–month period will be considered a reasonable period, unless paragraph (b)(2) of this section applies. The change in your source of support must be permanent and not temporary.  Changes caused by seasonal employment or customary visits to the insured's home are considered temporary.

> (2) The insured provided one-half or more of your support for at least 3 months of the 12–month period, but was forced to stop or reduce contributions because of circumstances beyond his or her control, such as illness or unemployment, and no one else took over the responsibility for providing at least one-half of your support on a permanent basis. Any support you received from a public assistance program is not considered as a taking over of responsibility for your support by someone else.  Under these circumstances, a reasonable period is that part of the 12–month period before the insured was forced to reduce or stop providing at least one-half of your support.

(Tr. 18) (citing 20 C.F.R. § 404.366(b)).

After providing the standard, the ALJ then explained the grounds relied upon to deny Mr. Cunningham's claim during the preliminary stages of administrative review:

> In upholding the initial determination, the adjudicator relied upon the following facts that were established in the initial determination: (1) [Ms.] Cunningham drew $6,026.50 in RIB and SSI benefits; (2) [Mr.] Cunningham was receiving benefits on his deceased father's record and SSI on his own record; [and] (3) [Mr.Cunningham] drew $7,728.00 on the Social Security Record of his deceased father and his own SSI record.

(Tr. 19); (*see also* Tr. 62-63).[2]

Mr. Cunningham has not challenged the foregoing calculations. Thus, the level of benefits that Mr. Cunningham was receiving from sources other than Ms. Cunningham [specifically, his deceased father's record and Mr. Cunningham's own SSI record] was more than the total amount that Ms. Cunningham drew in collective benefits. (Doc. 13 at 8 ("Consequently, Plaintiff's known income during the prescribed period exceeded [Ms. Cunningham's] income of record for that period.")). As such, absent any evidence of other money available to Ms. Cunningham in the year prior to her death, it is mathematically impossible for Ms. Cunningham to have

---

[2] RIB refers to retirement or old-age insurance benefits. *See* 42 U.S.C. § 402(a) (detailing parameters of old-age insurance benefits).

contributed at least one-half of Mr. Cunningham's support during the relevant time period. *Doughty v. Apfel*, 245 F. 3d 1274, 1278, 1280 (11th Cir. 2001) (holding that the plaintiff bears the burden of proving his claim of benefits.)

The ALJ also indicated that Ms. Cunningham's application for disability benefits dated November 11, 1981, did not list Mr. Cunningham as a dependent. (Tr. 19). Finally, Mr. Cunningham has not offered, nor has the court been able to independently locate, any evidence in the record showing that Ms. Cunningham provided over one half of Mr. Cunningham's support. (Tr. 83). ("Mrs. Allie Lee Cunningham was the payee over [Mr. Cunningham's] SSI check in 1989.). Therefore, the Commissioner's denial of Mr. Cunningham's CIB claim is due to be affirmed.

## CONCLUSION

Based upon the court's evaluation of the evidence in the record and the submissions of the parties, the court finds that the Commissioner's final decision is supported by substantial evidence and applies the proper legal standards. Accordingly, the decision of the Commissioner will be affirmed by separate order.

**DONE** and **ORDERED** this the 16th day of March, 2012.


**VIRGINIA EMERSON HOPKINS**
United States District Judge